IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.

Case No. 4:98cr44-RH
Case No. 4:06cv35-RH/WCS

**RONALD SYLVESTER BLOOM,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION ON EX PARTE NOTICE

This cause is before the court on Defendant's "Ex-Parte Notice of Booker's Violations and Preservation of Issues." Doc. 309. Defendant asserts entitlement to relief under United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and filed his notice to preserve the one year filing date under Dodd v. United States, 545 U.S. 353, 125 S.Ct. 2478, 160 L.Ed.2d 621 (2005). He claims that the decision in Dodd, commencing the one year period from the date a new right was recognized rather than when it is made retroactive on collateral review, violates the Suspension Clause.

The Court in <u>Dodd</u> addressed the language of 28 U.S.C. § 2255 ¶ 6(3), commencing the one year limitations period for filing a § 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  § 2255, ¶ 6(3).  545 U.S. at __, 125 S.Ct. at 2481 (quoting the statute).[1]  The Court explained that "Paragraph 6(3) identifies *one date and one date only* as the date from which the one 1-year limitation period runs: 'the date on which the right asserted was initially recognized by the Supreme Court.'"  *Id.*, at 2482 (emphasis in original).  That date "does not apply at all if the conditions in the second clause – the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review' – have not been satisfied."  *Id.*  "Thus, if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion. *He may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met.*"  *Id.* (emphasis added).

Defendant previously filed a 28 U.S.C. § 2255 motion, which was denied with prejudice following an evidentiary hearing.  Docs. 246 (report and recommendation), 258 (order adopting recommendation with additional discussion), 259 (judgment entered on the docket July 15, 2002).  Leave to proceed in forma pauperis was granted and a

---

[1] Section 2255 recognizes a number of commencement dates for the one year period.  "In most cases, the operative date from which the limitation period is measured will be the one identified in ¶ 6(1): 'the date on which the judgment of conviction becomes final.'"  545 U.S. at __, 125 S.Ct. at 2481 (quoting § 2255, other citation omitted).

Case Nos. 4:98cr44-RH and 4:06cv35-RH/WCS

certificate of appealability issued for appeal. Doc. 287. The judgment was affirmed. Doc. 302.

Given the prior proceedings, timeliness is not the only obstacle for this Defendant. He must obtain authorization from the Eleventh Circuit before even filing a second or successive § 2255 motion. § 2255 (referencing § 2244); § 2255 Rule 9 (amended effective December 1, 2004) ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."). Absent authorization, this court lacks jurisdiction to consider a second or successive motion. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005), *citing* Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (2255 motion).

Finally, it is noted that the Supreme Court recently granted certiorari as to the retroactive application of Blakely and Booker. Burton v. Waddington, 142 Fed. Appx. 297 (9th Cir. 2005) (not published in the Federal Reporter), *cert. granted*, __ U.S. __, 126 S.Ct. 2352 (Mem) (June 5, 2006). If and when a new rule of constitutional law, previously unavailable, is "made retroactive to cases on collateral review by the Supreme Court," leave for filing a second or successive motion is expressly authorized, but such leave must still be obtained from the court of appeals. § 2255 (incorporating § 2244). If authorization for filing in this court is ever granted, Defendant's claim will most likely be time barred. Dodd, 545 U.S. at __, 125 S.Ct. at 2483 ("because of the interplay between ¶¶ 8(2) and 6(3) [of § 2255], an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be

time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.").

To the extent Defendant's notice can be construed as a motion to preserve the issue so that Defendant will not be subject to the one year limitations period of § 2255 in the future, it should be denied.

It is therefore respectfully **RECOMMENDED** that Defendant Bloom's notice and preservation of issues (doc. 309) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2006.

    S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:98cr44-RH and 4:06cv35-RH/WCS